NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No. 18-17212 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-01762-JCM-CWH |
| v. | |
| RON HAUS; EVA BEROU, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 8, 2020**

Before: SCHROEDER, CANBY, and TROTT, Circuit Judges.

Ron Haus and Eva Berou appeal the district court's grant of summary

judgment in a quiet title action brought by Nationstar Mortgage, LLC, after Haus

and Berou purchased real property for $7,900.00 at a nonjudicial foreclosure sale.

Nationstar, beneficiary of the deed of trust on the property and loan servicer for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal National Mortgage Association ("Fannie Mae"), sought application of the Federal Foreclosure Bar because the Federal Housing Finance Agency ("FHFA"), conservator for Fannie Mae, did not consent to the foreclosure sale. We review de novo. *Berezovsky v. Monez*, 869 F.3d 923, 927 (9th Cir. 2017). We affirm the district court's judgment.

Pursuant to the Federal Foreclosure Bar, 12 U.S.C § 4617(j)(3), without FHFA's consent, a homeowner's association ("HOA") foreclosure sale under Nevada's superpriority lien law, Nev. Rev. Stat. § 116.3116, does not extinguish the interest of FHFA as conservator for Fannie Mae. *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1146-47 (9th Cir. 2018); *Berezovsky*, 869 F.3d at 931.

The district court properly rejected appellants' argument that the Federal Foreclosure Bar did not apply on the ground that Nationstar failed to establish that Fannie Mae owned the loan or had an interest in the property at the time of the foreclosure sale. Fannie Mae's ownership interest was established by its properly authenticated business records, including a printout from its Servicer & Investor Reporting ("SIR") platform. *See Berezovsky*, 869 F.3d at 932-33 & nn.8-9. A Fannie Mae assistant vice president sufficiently authenticated the business records by attesting that he had personal knowledge of the SIR records and describing how the records were made and kept. *See* Fed. R. Evid. 901(a) ("To satisfy the

2

requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); Fed. R. Evid. 901(b)(1) (testimony of a witness with knowledge satisfies the requirement of authentication). At issue was Fannie Mae's ownership of the note, not its authority to enforce the note through foreclosure as the possessor or holder of the note. *See* Nev. Rev. Stat. § 104.3301(2) (different entities may be the owner of a note and the holder entitled to enforce it). Accordingly, Fannie Mae's failure to produce the promissory note was irrelevant to whether it could invoke the Federal Foreclosure Bar. Further, the SIR printout satisfied the best evidence rule. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content . . .."); Fed. R. Evid. 1001(d) ("For electronically stored information, 'original' means any printout . . . if it accurately reflects the information."); *United States v. Diaz-Lopez*, 625 F.3d 1198, 1202-03 (9th Cir. 2010).

The district court correctly concluded that Fannie Mae's failure to record its ownership interest did not preclude application of the Federal Foreclosure Bar. The assignment of the deed of trust to Nationstar, the beneficiary, was recorded, and the note was "split" from the deed of trust. "Under these circumstances . . . an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest under the security instrument, because the note owner can direct the beneficiary to foreclose on its behalf." *Berezovsky*, 869 F.3d at 932

(citing *In re Montierth*, 354 P.3d 648, 650-51 (Nev. 2015)). The SIR printout showed that Fannie Mae owned the note and that Nationstar was the loan servicer, and the Fannie Mae Single-Family Selling and Servicing Guides submitted by Nationstar showed that Nationstar was Fannie Mae's agent. Accordingly, the district court correctly concluded that Fannie Mae had an ownership interest and properly applied the Federal Foreclosure Bar. *See Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1149-50; *Berezovsky*, 869 F.3d at 932-33.

Appellants' motion to supplement the record or for judicial notice (Docket Entry No. 12) is denied. *See Vargas v. Howell*, 949 F.3d 1188, 1198 (9th Cir. 2020) (in general, documents not filed with the district court cannot be made part of the record on appeal).

**AFFIRMED.**